## WILLIAM D. ONTHANK, APPELLANT, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILROAD COMPANY, RESPONDENT.

*Easement — Grant of use of water — amount not defined — easement limited to amount first taken.*

A grant was made to use certain water and lay down pipes therefor, but the size of the pipes and the amount of water to be taken were not defined. Pipes were laid, and the water that they could supply used for a number of years. *Held,* that this limited the extent of the grant, and the grantee was liable for damages occasioned by the diversion of a greater quantity of water than originally used, caused by taking up such pipes and replacing them by larger ones.

The grant being of an easement, the occupation under it must be regarded as the exercise of the right granted, applying the same principles to easements of water as of land.

MOTION by plaintiff for a new trial, made on exceptions ordered to be heard in the first instance at the General Term.

The plaintiff was the owner of a farm of forty-five acres, through which the defendant's road passed. He raised small fruits, and was interested in the defendant's keeping open a station at Portland, about half a mile from his residence.

This station had been discontinued two months, when in 1863 the plaintiff and others made an effort to induce the company to

reopen it, and for the purpose of promoting that object executed to the company a grant to lay water pipes across his land, and Samuel Brown also deeded them the right to take the water from his spring to their tanks at Portland station.

The company continued in good faith on their part to so use the water until in 1871, when they enlarged their reservoir, put in larger pipes and conducted nearly all the water to Brocton station, which is over a mile east from Portland station, and there used it for their own purposes and introduced it into private houses, and discontinued Portland station.

This was all done against the remonstrance of the plaintiff.

The water from the spring formed what is known as Deer Lick brook, which crossed plaintiff's farm, and had always been a durable stream. While the first set of pipes were in, and the water was only taken to Portland station, a small quantity was used, and the brook continued to furnish an adequate supply for the plaintiff's use. After the new pipes were in, and the water taken to Brocton for private and public purposes, the water ceased to flow in the stream, and the plaintiff was deprived of its use.

The action was brought to recover damages for an alleged trespass upon the plaintiff's land, in digging up the soil, laying down pipe, and conducting water therein across said land wrongfully. Also, for diverting the water of a spring on an adjoining farm into such pipes. The court granted a nonsuit.

*H. C. Kingsbury,* for the appellant.

*Laning & Willett,* for the respondent.

MULLIN, P. J.:

In May, 1863, Samuel Brown owned a piece of land in the town of Portland, in the county of Chautauqua, on which were several springs that discharged their water into a small brook; that after flowing over the lands of divers persons emptied into a lake near by.

The Buffalo and State Line Railroad Company had erected, or was about to erect, a station for its use on the line of its road called the Portland station, and in order to supply its engines, etc.,

with water at said station purchased from said Brown the right to divert the water of said springs over his lands to be taken to said station in pipes, and the same was conveyed to the company by quit-claim deed.

On the day of the date of said last mentioned deed the railroad company purchased, for a valuable consideration, of the plaintiff the right to lay pipes on his land for the purpose of conveying the water from where the pipes on Brown's land terminated to the station, and also the right to enter on said land to repair said pipes. The railroad company constructed on Brown's land a reservoir in which to collect the water of said springs and excavated a trench on the lands of said Brown and the plaintiff, laid pipes therein and conducted the water to said station.

The defendant subsequently acquired the right so aforesaid granted by the plaintiff and Brown, and is still the rightful owner of the same.

In 1871 the defendant discontinued the Portland station and erected one called the Brocton station at a point about a mile east of the Portland station, and that station has been used by the defendant ever since.

The pipe which was used from 1863 until 1871 was about two and a quarter inches in diameter, and rust had accumulated on it to such an extent as to hinder, materially, the flow of water through it.

In order to obtain a larger supply of water, the defendant caused to be taken up the pipe first laid and in its place put down new pipe four inches in diameter, from the reservoir to the land of defendant, and from that line to the station it was three inches in diameter. The new pipe conveyed considerably more water than the former, so much more that in a dry season it carried off all the water that would otherwise have flowed into the brook, at which plaintiff was accustomed to water his cattle. The water, when taken to the station, was used by the defendant for its own purposes and by others living near the station.

For the damages sustained by the plaintiff, by entering on his land and diverting the water from the brook and conducting it to Brocton station this action was brought. The defendant justified this entry and diversion of the water under the grants from Brown and the plaintiff.

At the close of the plaintiff's evidence the defendant's counsel moved for a nonsuit, on the ground that the defendant had, by virtue of the said conveyance, the right to enter and divert said water. The court granted the motion and nonsuited the plaintiff, and directed the motion for a new trial on exceptions to be heard in the first instance in this court.

The grant of the right to divert the water from Brown does not limit, in any way, the quantity of water that the grantee might collect in and take from the reservoir; and it was the right of the grantee to take whatever quantity it deemed necessary or proper for its use. When, however, the grantee constructed a reservoir and put down a two and a-quarter inch pipe, it thereby ascertained and limited the quantity it was entitled to take by virtue of the grant.

I have not found any case defining the extent of the right of a grantee in a case like this; but the right of a grantee of a right of way, when the deed does not define it, has been repeatedly passed upon by the courts. I am unable to discover any reason why the same principle should not apply to both.

In Washburn on Easements, 225, it is said, when once the extent of the right is fixed by use it may not be changed except by a sufficiently long acquiescence therein by the parties in interest; and this the author says applies to an aqueduct as well as a way.

In Jones v. Percival (5 Pick., 485) the defendant attempted to justify a trespass by virtue of a right of way over the plaintiff's land in such route as defendant should deem best, having regard to the owner's interest.

The court say that the defendant could not have such a right over plaintiff's land, because it was altogether too indefinite and uncertain. It would authorize defendant from year to year, or day to day, to change its course. Having been once established any deviation from it would be a trespass. Washburne, at page 240, says: "The grant being of an easement the occupation under it must be regarded as the exercise of the right granted."

If I am right in supposing these principles apply to the easement insisted on by the defendant, it follows that it is entitled only to the quantity of water that could flow through the pipes first laid down.

The plaintiff, as an owner of the bed of the brook below the land of Brown, was entitled to have all the water of the spring flow into the brook and thence on to the land of the plaintiff, not granted to the defendant. The plaintiff was aware of the grant by Brown of the water and executed his deed of the right to lay pipes in his land in order to enable defendant to conduct the water to the station.

The plaintiff has, therefore, the right to recover damages for the injury done him by diversion of a greater quantity of water than was taken by the pipes first laid down. Whether the fact that plaintiff aided in laying the new pipes should deprive him in any degree of the right to insist upon the damages, to which he would otherwise be entitled, can be more properly decided on another trial when all the evidence on both sides is given. Defendant was not a trespasser in entering on plaintiff's land to take up and relay the pipes. This right is specifically granted by the deed. It is liable only for a greater diversion of water than it previously had.

I have not said any thing as to whether defendant could permit parties living near the depot to use the water from the reservoir, as it is not material if the plaintiff shall recover judgment for the water used beyond that which was first taken from the reservoir. If it is compelled to pay for such excess, it may apply it to such uses as it deems proper.

The nonsuit must be set aside and a new trial granted, costs to abide event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

New trial granted, costs to abide event.